1  IRELL & MANELLA LLP                          *E-FILED 07-15-2010*
   Kenneth R. Heitz (53734) (kheitz@irell.com)
2  Craig Varnen (170263) (cvarnen@irell.com)
   Glenn Vanzura (238057) (kvanzura@irell.com)
3  Lillie Werner (261250) (lwerner@irell.com)
   1800 Avenue of the Stars, Suite 900
4  Los Angeles, CA 90067
   Tel:   (310) 277-1010
5  Fax:   (310) 203-7199

6  Attorneys for Defendants
   MICHAEL TARGOFF, O. JOE
7  CALDARELLI, MICHAEL F. FINLEY,
   JEFFREY P. HUGHES, STEPHEN R.
8  LARSON, WILLIAM P. RUTLEDGE,
   CPI INTERNATIONAL, INC.
9
   [Additional Counsel Appear on Signature Blocks]
10

11                  UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13                       SAN JOSE DIVISION

14  CONTINUUM CAPITAL, on Behalf of Itself  )  Case No. CV 10-02978 JW HRL
    and All Others Similarly Situated,       )
15                                           )
                  Plaintiff,                 )
16                                           )
           vs.                               )
17                                           )
                                             )  STIPULATION AND [PROPOSED]
18  MICHAEL TARGOFF, O. JOE                  )  PROTECTIVE ORDER GOVERNING
    CALDARELLI, MICHAEL F. FINLEY,           )  CONFIDENTIAL AND HIGHLY
19  JEFFREY P. HUGHES, STEPHEN R.            )  CONFIDENTIAL INFORMATION
    LARSON, WILLIAM P. RUTLEDGE, CPI         )
20  INTERNATIONAL, INC. AND COMTECH          )
    TELECOMMUNICATIONS CORP.                 )
21                                           )  (MODIFIED BY THE COURT)
                  Defendants.                )
22  _____

23

24

25

26

27

28

1    **IT IS HEREBY STIPULATED AND AGREED** by the undersigned counsel for the

2    parties to the above-captioned action that discovery in this action may involve the production of

3    information which one or more party in good faith reasonably believes to contain information that

4    is non-public, proprietary, commercially sensitive and/or protected by statutory or other legal

5    privilege that requires the protections provided in this Stipulation and Order.  Accordingly, **IT IS**

6    **HEREBY STIPULATED** that:

7        1.    Whereas the parties have been engaged in ongoing discussions and reached certain

8    agreements regarding discovery scheduling, and in the interest of furthering the informal exchange

9    of documents, the parties hereby agree to be bound by the terms of this Stipulation and Protective

10   Order immediately upon execution by the parties.  Any information and documents already

11   provided to counsel by the parties, informally or otherwise, shall be covered by the terms of this

12   Stipulation and Protective Order.

13       2.    Any documents produced, deposition testimony or other information given by or on

14   behalf of any party or third party, and any information derived therefrom may be designated by

15   such party or third party as "Confidential Information" within the meaning of this Stipulation and

16   Protective Order.  Confidential Information shall include, without limitation, documents,

17   testimony and other information (including, without limitation, discovery responses) that contain

18   trade secrets, proprietary information, commercially sensitive and/or non-public information about

19   the financial, business or personal affairs of any of the parties.

20       3.    Any documents produced, deposition testimony or other information given by or on

21   behalf of any party or third party, and any information derived therefrom may be designated by

22   such party or third party as "Highly Confidential – Attorneys Eyes Only Information" within the

23   meaning of this Stipulation and Protective Order.  Highly Confidential – Attorneys Eyes Only

24   information shall include, without limitation, documents, testimony and other information

25   (including, without limitation, discovery responses) that contain information that is sufficiently

26   sensitive (whether financial, business, personal or otherwise) or proprietary that disclosure under

27   the protections afforded to information designated as "Confidential Information," without further

28   protection, would be insufficient.

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2266797

- 1 -
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

4.     The designation by any producing party of any discovery material as either "Confidential Information" or "Highly Confidential – Attorneys Eyes Only Information" shall constitute a representation that such discovery material has been reviewed by an attorney for the producing party and that there is a good faith belief that such designation is valid.

5.     Deposition testimony containing or relating to Confidential Information or Highly Confidential – Attorneys Eyes Only Information may itself be designated as Confidential Information or Highly Confidential – Attorneys Eyes Only Information either during the deposition or within ten (10) calendar days following delivery of the transcript to the parties by written notice sent by counsel to all parties.  Each court reporter participating in any such deposition shall be provided with a copy of this Protective Order and shall adhere to its provisions. Each court reporter shall mark the designated portions of such designated deposition transcript(s) with the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY," as appropriate, shall separately bind those portions of the deposition transcript, and shall place substantially on the cover of any such transcript the following legend:

- **FOR CONFIDENTIAL INFORMATION: THIS TRANSCRIPT CONTAINS INFORMATION DESIGNATED "CONFIDENTIAL" PURSUANT TO AN ORDER OF THE COURT UNDER WHICH THERE ARE PENALTIES FOR IMPROPER USE OR DISCLOSURE.**

- **FOR HIGHLY CONFIDENTIAL INFORMATION: THIS TRANSCRIPT CONTAINS INFORMATION DESIGNATED "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" PURSUANT TO AN ORDER OF THE COURT UNDER WHICH THERE ARE PENALTIES FOR IMPROPER USE OR DISCLOSURE.**

6.     Documents, including discovery responses, or other tangible materials may be designated as Confidential Information or Highly Confidential – Attorneys Eyes Only Information by stamping the word "Confidential" or "Highly Confidential – Attorneys Eyes Only" on the document or other materials.  Inadvertent failure to designate materials as Confidential Information or Highly Confidential – Attorneys Eyes Only Information at the time of production

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional  Corporations

2266797

- 2 -
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

may be remedied at any time thereafter by written notice.  Upon the service of such notice, the identified materials shall be fully subject to this Order as if the materials had been initially designated as Confidential Information or Highly Confidential – Attorneys Eyes Only Information.

7.    To the extent either party is required to produce documents or materials that are subject to a confidentiality agreement with a third party, such documents or information may also be designated "Confidential" or "Highly Confidential – Attorneys Eyes Only" as appropriate under this Stipulation and Protective Order.

8.    Except with the prior written consent of the party designating the subject information as Confidential Information or upon prior order of the Court, Confidential Information shall not be disclosed to any person other than "Confidential – Qualified Persons," who are defined to consist of the following:

    a.    The Court and Court personnel (including court reporters), in the manner provided by paragraph 13 hereof;

    b.    The parties to this action;

    c.    Counsel of record to the parties to this action, including attorneys, paralegal, clerical, and secretarial staff employed by such counsel (including outside copying services and similar vendors);

    d.    Directors, officers, executives and employees of a party to this action;

    e.    Court reporters, videographers (and their staffs) providing reporting services in connection with this litigation;

    f.    Persons identified in the discovery materials as an author or a recipient of the specific information marked as Confidential Information, and directors, officers and employees of such a recipient;

    g.    Deposition witnesses; and

    h.    Outside experts, advisors or consultants retained by counsel of record in this action.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2266797

- 3 -
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

9.      Except with the prior written consent of the party designating the subject information as Highly Confidential – Attorneys Eyes Only Information or upon prior order of the Court obtained upon noticed motion, Highly Confidential – Attorneys Eyes Only Information shall not be disclosed to any person other than "Highly Confidential – Qualified Persons," who are defined to consist of the following:

a.      The Court and Court personnel (including court reporters), in the manner provided by paragraph 13 hereof;

b.      Outside counsel of record to the parties to this action, including attorneys, paralegal, clerical, and secretarial staff employed by such counsel (including outside copying services and similar vendors);

c.      Court reporters, videographers (and their staffs) providing reporting services in connection with this litigation;

d.      Persons identified in the discovery materials as an author or a recipient of the specific information marked as Highly Confidential – Attorneys Eyes Only Information, and directors, officers and employees of such a recipient;

e.      Outside experts, advisors or consultants retained by counsel of record in this action; and

f.      Deposition witnesses.

10.     Highly Confidential – Attorneys Eyes Only Information shall not be disclosed to any director, officer, executive or employee of any defendant, except:

a.      With the prior written consent of the party designating the subject information as Highly Confidential – Attorneys Eyes Only Information;

b.      Upon prior order of the Court obtained upon noticed motion; or

c.      To persons identified in the discovery materials as an author or a recipient of the specific information marked as Highly Confidential – Attorneys Eyes Only Information, and directors, officers and employees of such a recipient.

11.     Prior to any disclosure of Confidential Information to any Confidential – Qualified Person and prior to any disclosure of Highly Confidential – Attorneys Eyes Only Information to

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2266797

- 4 -
STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER

any Highly Confidential – Qualified Person — other than those Confidential – Qualified Persons
defined in paragraphs 8(a)-(f) and Highly Confidential – Qualified Persons defined in paragraphs
9(a)-(d) and 10(c), respectively — counsel of record for the party proposing to make such
disclosure shall ensure that a copy of this Stipulation and Protective Order has been delivered to
such person, and shall obtain that person's signed certification agreeing to be bound by the terms
of this Stipulation and Protective Order.  Counsel of record for each party shall maintain a list of
the names of all persons to whom such documents or information is disclosed and such list shall
be available for inspection by counsel for the party claiming confidentiality upon order of the
Court following a showing of good cause.  Witnesses shown Confidential Information or Highly
Confidential – Attorneys Eyes Only Information shall not be permitted to retain copies of such
information.

12.     Any person receiving Confidential Information or Highly Confidential – Attorneys
Eyes Only Information shall not reveal such information (including its contents, or any portion or
summary thereof) to or discuss such information (including its contents, or any portion or
summary thereof) with any person who is not entitled to receive such information, as set forth
above in paragraphs 8 and 9, respectively.  Persons having knowledge of Confidential Information
or Highly Confidential – Attorneys Eyes Only Information by virtue of their participation in the
conduct of this litigation shall use it only for purposes of this litigation, and not for any other
purpose.

13.     In the event that counsel for any party decides to file in or submit to this Court any
Confidential Information, Highly Confidential – Attorneys Eyes Only Information, or information
derived therefrom or any papers containing or making reference to such information, such
Confidential Information, Highly Confidential – Attorneys Eyes Only Information, or any
documents containing such Confidential Information or Highly Confidential – Attorneys Eyes
Only Information shall be filed with the Court only pursuant to and in accordance with Civil Local
Rule 79-5, including, without limitation, the requirement that a party seeking to file, submit, or
refer to information designated by another party as Confidential or Highly Confidential –

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2266797

- 5 -
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

1  Attorneys Eyes Only file a motion for an order sealing the Confidential or Highly Confidential

2  information in accordance with the procedure set forth in Civil Local Rule 79-5(d).

3    14.    A party who disagrees with another party's Confidential Information or Highly

4  Confidential – Attorneys Eyes Only Information designation must nevertheless abide by the same

5  until the matter is resolved by agreement or by order of the Court.  If a dispute with regard to a

6  particular document arises, the parties agree to meet and confer to resolve the issue.

7    15.    Entering into, agreeing to and/or producing or receiving Confidential Information

8  or Highly Confidential – Attorneys Eyes Only Information discovery material or otherwise

9  complying with the terms of this Stipulation and Order shall not:

10    (a)    operate as an admission by any party that any particular Confidential

11  Information or Highly Confidential – Attorneys Eyes Only Information discovery material

12  contains or reflects trade secrets or any other type of confidential information;

13    (b)    prejudice in any way the rights of a party to seek a determination by the

14  Court whether any discovery material or Confidential Information or Highly Confidential –

15  Attorneys Eyes Only Information should be subject to the terms of this Stipulation and

16  Order; or

17    (c)    prevent the parties to this Stipulation and Order from agreeing to alter or

18  waive the provisions or protections provided for herein with respect to any particular

19  discovery material.

20    16.    Nothing in this Stipulation and Protective Order shall limit any producing party's

21  use of its own documents or the retention of a litigation file by any party to, or counsel for any

22  party to the litigation during the course of the litigation, or shall prevent any producing party from

23  disclosing its own Confidential Information or Highly Confidential – Attorneys Eyes Only

24  Information to any person.

25    17.    The parties hereto stipulate that they will not assert in this action that the attorney-

26  client privilege, work-product doctrine, common-interest doctrine or other applicable privilege has

27  been waived by reason of inadvertent disclosure of otherwise privileged documents.  Privileged

28  documents in connection with this matter that are inadvertently disclosed by any party shall

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1    remain privileged provided that demand for their return is made by the disclosing party with

2    reasonable promptness after the law firm representing that party herein learns of the inadvertent

3    disclosure.  Upon receipt of such demand, the receiving party shall promptly return to the

4    designated counsel for the disclosing party any and all copies of such document or thing.  The

5    receiving party shall not use such information for any purpose other than in connection with a

6    motion to compel.  The party returning such material may then move the Court for an order

7    compelling production of the material if, in good faith, it believes that it has a basis for doing so,

8    but said motion shall not assert as a ground for entering such an order the fact or circumstance of

9    the inadvertent production, but may assert other circumstances, including without limitation prior

10   open use of the material in the litigation without any claim of inadvertent production, to establish

11   the fact of an intentional and knowing waiver of applicable privileges by the producing party.  The

12   producing party shall promptly submit the contested material to the Court for in camera review, if

13   the Court so directs.

14          18.    During the pendency of the Action, any party objecting to the designation of any

15   discovery material or testimony as Confidential Information or Highly Confidential – Attorneys

16   Eyes Only Information discovery material must deliver to the producing party a written statement

17   identifying the reason or reasons for the objection.  If the parties are unable to resolve the

18   objection after conferring in good faith, the objecting party may file a motion with the Court for an

19   order vacating the designation.  Within seven (7) days, or longer for good cause shown or pursuant

20   to stipulation between the parties, the producing party shall submit a response setting forth the

21   basis for the designation, and why it should be maintained.  While such an application is pending,

22   the discovery material or testimony in question shall be treated as Confidential or Highly

23   Confidential discovery material pursuant to this Stipulation and Order.  In connection with any

24   such application, the burden of persuasion to maintain the designation shall fall on the producing

25   party.

26          19.    This Stipulation and Protective Order does not constitute a waiver by any party of

27   any right it otherwise would have to object to disclosing or producing any information or item on

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2266797

- 7 -

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

any ground not addressed herein.  Similarly, no party waives any right to object on any ground to the use in evidence of any of the materials covered by this Stipulation and Protective Order.

20.     This Stipulation and Protective Order, and production of documents with or without a "Confidential" or "Highly Confidential" designation hereunder, is not intended to, nor does it, waive any obligations or duties of the parties or their counsel to otherwise maintain the confidence of information or materials in their possession.

21.     This Stipulation and Protective Order does not govern at trial.  An agreement concerning the treatment of Confidential and Highly Confidential information at trial shall be reached at pre-trial conference.

22.     Within ninety (90) days of the termination of this litigation, including all appeals, if any, all Confidential Information and Highly Confidential – Attorneys Eyes Only Information which has been produced by the designating party to another party during the course of this litigation shall either be destroyed or delivered to counsel for the designating party.  However, counsel may retain one copy of all documents filed with the Court and one copy of all deposition transcripts for archival purposes provided that they continue to treat such documents as confidential in accordance with the provisions of this Stipulation and Protective Order.

23.     The Court retains jurisdiction to make such amendments, modifications and additions to this Stipulation and Protective Order as it may from time to time deem appropriate.

**For a period of six months after the final termination of this action, this court will retain jurisdiction to enforce this order.**

24.     The termination of proceedings in this litigation shall not relieve any person to whom Confidential Information or Highly Confidential – Attorneys Eyes Only Information has been disclosed from the obligations of this Stipulation and Protective Order.

25.     In the event the action is remanded to the Superior Court for the State of California (the "State Court"), the terms of this Stipulation and Protective Order shall remain in effect as if entered by the State Court.  The parties shall further cooperate to promptly submit to the State Court a substantially identical Stipulation and Protective Order for entry therein.

**SO STIPULATED:**

//

//

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2266797

- 8 -
STIPULATION AND [PROPOSED] PROTECTIVE ORDER

1    DATED: July 13, 2010                    BRUALDI LAW FIRM, P.C.
                                             RICHARD B. BRUALDI
2                                            GAITRI BOODHOO
                                             LAUREN C. WATSON
3

4                                                /s/
                                                 RICHARD B. BRUALDI
5
                                             29 Broadway, Suite 2400
6                                            New York, NY 10006
                                             Telephone:      212/952-0602
7                                            Facsimile:      212/952-0608

8                                            *As Co-Lead Counsel on Behalf of Plaintiffs*

9

10   DATED: July 13, 2010                    HULETT HARPER STEWART LLP
                                             KIRK B. HULETT
11                                           BLAKE MUIR HARPER
                                             SARAH P. WEBER
12

13                                               /s/
                                                 SARAH P. WEBER
14
                                             525 B Street, Suite 760
15                                           San Diego, CA 92202
                                             Telephone:      619/338-1133
16                                           Facsimile:      619/338-1139

17                                           *Attorneys for Plaintiff*

18

19   DATED: July 13, 2010                    IRELL & MANELLA LLP
                                             KENNETH R. HEITZ
20                                           CRAIG VARNEN
                                             GLENN VANZURA
21                                           LILLIE WERNER

22

                                                 /s/
23                                               KENNETH R. HEITZ

24                                           1800 Avenue of the Stars, Suite 900
                                             Los Angeles, CA 90067
25                                           Telephone:      310/277-1010
                                             Facsimile:      310/203-7199
26
                                             *Attorneys for Defendants Michael Targoff, O. Joe*
27                                           *Caldarelli, Michael F. Finley, Jeffrey P. Hughes,*
                                             *Stephen R. Larson, William P. Rutledge, and CPI*
28                                           *International, Inc.*

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2266797

- 9 -

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

1

2   DATED:  July 13, 2010                    SKADDEN, ARPS, SLATE, MEAGHER
                                                & FLOM LLP
3                                           GARRETT J. WALTZER
                                            LANELLE K. MEIDAN
4                                           DIANNA TRUONG

5                                            /s/
                                            _____
6                                                 GARRETT J. WALTZER

7                                           525 University Ave., Suite 1100
                                            Palo Alto, CA 94301
8                                           Telephone:  650/470-4500
                                            Facsimile:  650/470-4570

9                                           *Attorneys for Defendant*
                                            *Comtech Telecommunications Corp.*
10

11                                          I, Garrett J. Waltzer, am the ECF User whose ID and
                                            password are being used to file this STIPULATION
12                                          AND [PROPOSED] PROTECTIVE ORDER
                                            GOVERNING CONFIDENTIAL AND HIGHLY
13                                          CONFIDENTIAL INFORMATION.  In compliance
                                            with General Order 45, X.B., I hereby attest that each
14                                          of the signatories identified herewith has concurred in
                                            this filing.

15

16

17
     **ORDER:**                  **AS MODIFIED BY THE COURT,**
18
           **PURSUANT TO STIPULATION. IT IS SO ORDERED.**
19                                                ^

20
     Dated: July ___15___, 2010        _____
21
22                                          Howard R. Lloyd
                                            United States Magistrate Judge
23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

                                    - 10 -
2266797          STIPULATION AND [PROPOSED] PROTECTIVE ORDER

1

## <u>CERTIFICATION</u>

2     I certify my understanding that confidential or highly confidential information is being

3 provided to me pursuant to the terms and restrictions of a "Stipulation and Protective Order" (the

4 "Order") entered by order of the United States District Court, Northern District of California (the

5 "Court") in the action entitled <u>Continuum Capital v. Michael Targoff, O. Joe Caldarelli, Michael</u>

6 <u>F. Finley, Jeffrey P. Hughes, Stephen R. Larson, William P. Rutledge, CPI International, Inc. and</u>

7 <u>Comtech Telecommunications Corp.</u> (Case No. CV 10-02987 JW HRL).  I further certify that I

8 have been provided a copy of and either have read or been informed of the contents of the Order

9 and hereby agree to subject myself to the jurisdiction of the Court and, in the event the action is

10 remanded to the Superior Court for the State of California, to the jurisdiction of that court, for

11 purposes of enforcement of the terms and restrictions of the Order.  I shall not disclose documents

12 or information designated as "Confidential" or "Highly Confidential – Attorneys Eyes Only" to

13 anyone who is not entitled to such disclosure under the Order.  I understand that violation of this

14 Order may be punishable by contempt of Court.

15

16 Executed this _____ day of _____ in the year _____.

17

18                                                                                    _____

19

20

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2266797

- 11 -
STIPULATION AND [PROPOSED] PROTECTIVE ORDER